## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INES S. ZOHNI, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 18-cv-5644 |
| | : | |
| SCHOOL DISTRICT OF | : | |
| PHILADELPHIA AND SHAUNEILLE | : | |
| TAYLOR, | : | |
| | : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this _____ day of _____, 2019, upon consideration of Defendants' **PARTIAL MOTION TO DISMISS,** and any response thereto, it is **ORDERED** that the motion is **GRANTED**.

Counts I and III of Plaintiff's Complaint are **DISMISSED**, with prejudice. Defendants shall answer the remaining Counts no later than _____.

BY THE COURT:

_____

J.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INES S. ZOHNI,                                      :
               Plaintiff,          :
                              :
        v.                                :
                              :          **Civil Action No. 18-cv-5644**
                              :
**SCHOOL DISTRICT OF**                               :
**PHILADELPHIA AND SHAUNEILLE**               :
**TAYLOR,**                                           :
                              :
             Defendants.          :

## DEFENDANTS' PARTIAL MOTION TO DISMISS
## <u>PLAINTIFF'S COMPLAINT</u>

Defendants the School District of Philadelphia and Shauneille Taylor, by and through undersigned counsel, hereby move this Court to dismiss Plaintiff's Complaint in part pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of the Motion, and as explained more fully in the accompanying brief, Defendants state the following:

    a.  Plaintiff's §1983 claim against Defendant the School District of Philadelphia is barred by the applicable statute of limitations;

    b.  Plaintiff fails to allege sufficient facts to state claim for relief under §1983; and

    c.  Plaintiff's §1981 claim against Defendant Taylor is barred by the applicable statute of limitations.

**WHEREFORE**, Defendants, the School District of Philadelphia and Shauneille Taylor, respectfully request that this Court enter an Order dismissing Counts I and III of Plaintiff's Complaint with prejudice.

Respectfully submitted,

*/s/Kristen D. Junod*
Kristen D. Junod
Assistant General Counsel
Office of General Counsel
The School District of Philadelphia
440 N. Broad Street, Suite 313
Philadelphia, Pennsylvania 19130
T: 215.400.6255
F: 215.400.4121
kjunod@philasd.org
*Attorney for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INES S. ZOHNI, | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **Civil Action No. 18-cv-5644** |
| | : | |
| SCHOOL DISTRICT OF | : | |
| PHILADELPHIA AND SHAUNEILLE | : | |
| TAYLOR, | : | |
| | : | |
| **Defendants.** | : | |

## BRIEF IN SUPPORT OF DEFENDANTS'
## PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### I.     Introduction.

Defendants the School District of Philadelphia and Shauneille Taylor move

for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure because

Plaintiff's Section 1983 and Section 1981 claims are barred by the applicable

statutes of limitations and because Plaintiff has failed to allege sufficient facts to

state a claim under Section 1983.

### II.     Statement of Relevant Facts.[1]

Defendants accept Plaintiff Ines Zohni's ('Zohni') facts as alleged only for the

purposes of this motion. Defendant, the School District of Philadelphia ("School

District") was Plaintiff's employer. *Complaint* ¶ 2. At all times relevant hereto,

Defendant School District was governed by a School Reform Commission ("SRC")

which had final policy making authority for Defendant and made the decision to

---

[1] These facts are accepted as true for the limited purpose of this motion.

terminate Plaintiff's employment. *Id.* ¶ 3. The SRC's decision and actions herein constitute the policy and practice of Defendant as a matter of law. *Id.* Defendant Shauneille Taylor ("Taylor") was Plaintiff's supervisor and the principal of the Richard R. Wright Elementary School at all times relevant to this complaint. *Id.* ¶ 5. Taylor instigated and recommended the termination of Plaintiff's employment. *Id.*

Zohni was hired by the School District in 2008 and at all relevant times worked under the Defendant Taylor at Richard R. Wright Elementary School. *Id.* ¶ 9. Plaintiff was born in Egypt and was the only employee with Middle Eastern ancestry employed at the school. *Id.* ¶ 10. She has ancestry and ethnic characteristics that protect her under §1981 from disparate treatment which is motivated by those characteristics. *Id.* Plaintiff alleges that Defendant Taylor harassed and treated her differently than other employees because of her ancestry and ethnic characteristics. *Id.* ¶ 12.

In December of 2013, Plaintiff traveled to Egypt for a vacation during the holiday break. *Id.* ¶ 13. During the break she became ill in Egypt and reported her illness via the AESOP substitute services computer network, as required, to indicate her inability to report to work on January 2, 2014 and successive dates. *Id.* ¶ 14. Due to technical error, only January 2 and 10, 2014 dates were recorded. *Id.* Plaintiff was unable to also report her absences by phone while in Egypt. *Id.* On January 8, 2014, while Plaintiff was still in Egypt, her father, Saleh Zohni, called Defendant Taylor to report her illness and inability to return to work until January

13, 2014. *Id.* ¶ 15. When Plaintiff returned to work on January 13, 2014 she was not permitted to work but was sent home by Defendant Taylor, who suspended Plaintiff without pay and requested a hearing for Plaintiff for unauthorized absences, and also recommended dismissal. *Id.* ¶ 16.

After informal hearings held on March 25 and April 28, 2014, Chief Human Resources Officer, Naomi Watt, prepared a report recommending dismissal for an alleged abuse of sick leave and failure to follow School District sick leave policy. *Id.* ¶ 17. On June 2, 2014, the SRC issued Plaintiff a Statement of Charge which notified her that she was suspended without pay and recommended for dismissal. *Id.* ¶ 18. Plaintiff challenged her dismissal at a hearing on April 14, 2015. *Id.* ¶ 19. On August 20, 2015, the SRC upheld the decision to terminate Plaintiff and approved her dismissal effective January 13, 2014. *Id.* ¶ 20. Plaintiff alleges that Defendants treated her disparately compared to other individuals of different ancestry or ethnic characteristics. *Id.* ¶ 22.

On or about October 24, 2014, Plaintiff filed a charge of retaliation and race, national origin and disability discrimination against the Defendants the School District and Taylor with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 30. The charge was dual filed with the Pennsylvania Human Relations Commission ("PHRC"). *Id.* ¶ 31.

## III.    Argument.

### A. Legal Standard.

The Federal Rules of Civil Procedure provide that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion to dismiss tests the sufficiency of the allegations contained in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "[Labels] and conclusions" are not enough, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555.   When deciding a motion to dismiss under F.R.C.P. 12(b)(6) a court may consider public records such as administrative agency records and decisions. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Under the law of the Third Circuit, defendants may raise a limitations defense under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). The bar must be apparent on the face of the complaint to warrant dismissal on limitations grounds. *Id.*

**B. Zohni's Claim in Count I of the Complaint that Defendant the School District violated 42 U.S.C. §1983 is barred by the applicable statute of limitations.[2]**

In Count I of the Complaint, Plaintiff asserts that the School District violated 42 U.S.C. §1983 ("§1983"). *Complaint* ¶¶ 26-28. This claim is barred by the applicable two-year statute of limitations and should be dismissed.

Section 1983 does not include a statute of limitations. The Supreme Court explained in *Wilson v. Garcia*, that historically, "[w]hen Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." 471 U.S. 261, 267 (1985). The Court found that adopting state limitations for personal injury suits for Section 1983 claims was appropriate in the absence of other federal law. *Id.* at 280; *see also Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Courts still borrow from the tort law of the state where a claim arose to impose a statute of limitations on Section 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091 (2007). The statute of limitations for a §1983 claim arising in Pennsylvania is two years. *Id.*; 42 Pa. Cons. Stat. § 5524(2).

Federal law governs a cause of action's accrual date. *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). A cause of action accrues, and the

---

[2] To the extent Plaintiff seeks to assert a § 1981 claim against Defendant the School District of Philadelphia through §1983 it is unclear from the Complaint. However, Plaintiff's §1981 claim against the School District through §1983 would be barred by the applicable four year statute of limitations for the same reasons her §1981 claim in Count III against Defendant Taylor is barred by the applicable statute of limitations as discussed below in Section D of Defendants' Partial Motion to Dismiss.

statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted); *see also Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). "[T]he tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384 at 391(quoting 1 Calvin W. Corman, Limitation of Actions § 7.4.1 pp. 526-527 (1991)). Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief. *Wallace* at 391. Determining when a claim accrues is an objective inquiry in which a Court must ask whether a reasonable person would have known of the injury, not what the plaintiff actually knew. *Kach,* 589 F.3d 626 at 634; *Barren by Barren v. United States*, 839 F.2d 987, 990 (3d Cir. 1988).

In this case, the alleged act which caused injury and damages was the suspension without pay and recommendation for termination. It could be argued that Plaintiff knew of the injury as early as January 13, 2014 when she was not permitted to work, sent home by Defendant Principal Taylor and notified that she was being suspended without pay and recommended for termination. *Complaint* ¶ 16. Using the "reasonable person" standard, Plaintiff should have known of the injury on June 2, 2014 when she was officially notified by the SRC – the School

District's governing body that formal action was being taken against her employment. On June 2, 2014, Plaintiff was put on notice by the SRC that her pay was cut off, she was not to return to work and she was recommended for termination. *Id.* ¶ 18. After June 2, 2014, Plaintiff was never paid again by the District, nor did she ever work for the Defendants again. Plaintiff's damages and cause of action accrued the moment she was no longer working or being paid by the School District. Plaintiff's employment relationship with Defendants ceased on June 2, 2014 and as such the clock on her claims began to run.

Moreover, Plaintiff's actions following receipt of the June 2, 2014 notice from the SRC regarding her employment provide further evidence that she knew of the injury and that she had a cause of action. In October of 2014, Plaintiff sought legal recourse for the alleged wrongs she suffered and filed a charge of discrimination with the EEOC and the PHRC against Defendants the School District and Principal Taylor. *Id.* ¶ 30.

It is clear from the facts that Plaintiff's §1983 claim is untimely. Determining when a claim accrues is an objective inquiry in which a court must ask whether a reasonable person would have known of the injury, not what the plaintiff actually knew. *Kach,* 589 F.3d at 634. A reasonable person would have known of the injury on June 2, 2014 – the date their pay and their employment was cut off. The statute of limitations on Plaintiff's §1983 claim, therefore, ran on June 2, 2016. As Plaintiff filed this action on December 31, 2018, it is well outside of the two-year statute of limitations. For this reason, the Court should dismiss Plaintiff's §1983 claim.

**C. Zohni's Claim in Count I of the Complaint that Defendant the School District violated 42 U.S.C. §1983 should be dismissed because Plaintiff has failed to plead sufficient facts for a *Monell* Claim.**

Defendants reiterate that Plaintiff's §1983 claim against the School District is barred by the applicable statute of limitations, however, should this Court find the claim timely, it should still be dismissed because Plaintiff has failed to plead sufficient facts to give rise to a claim for liability under *Monell*.

In *Monell v. New York Department of Social Services*, the Supreme Court held that a municipality may not be held vicariously liable for the federal constitutional or statutory violations of its employees. 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, a municipality potentially is liable under §1983 only if a Plaintiff can prove that city employees were executing an officially adopted policy declared by City officials; or that the employees were acting pursuant to an officially adopted custom of the municipality. *Id.* at 694. A Plaintiff must prove that the execution of a governmental policy, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicted the injury. *Id.* Although *Monell* concerned §1983 actions, the Supreme Court in *Jett* extended *Monell* to cases arising under §1981. 491 U.S. 701 at 735-36, 109 S.Ct. 2702 at 2722-24.

Whether a state actor in the School District's employ directly caused the harm to Plaintiff or it was an affirmative act that created a greater opportunity for harm to occur, Moving Defendants cannot be held liable solely on the basis of the actions of an individual. In order to prevail under *Monell*, Plaintiff must first prove

that her constitutionally protected rights have been violated; then, Plaintiff must establish that the alleged violation resulted from a municipal "custom" or "policy" of deliberate indifference to the rights of citizens. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur*, 475 U.S. at 479 (1986) (emphasis in original). The *Pembaur* Court further explained, "to be sure, 'official policy' often refers to formal rules or understandings – often but not always committed to writing – that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time." *Id.* at 480-81.

A municipal "custom" within the meaning of §1983 are practices engaged in by state officials that are so permanent and well settled as to constitute a `custom or usage' with the force and effect of law. *Id.* at 691. Thus, before municipal liability will be imposed, a Plaintiff must prove that the municipality's alleged unconstitutional practices are "so widespread as to have the force of law." *Board of County Commrs. of Bryan County v. Brown*, 502 U.S. 397, 404 (1997), *accord, Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). The Third Circuit has held that a custom can be demonstrated by policymakers who communicate that they

encourage or condone behavior which violates the constitution. *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 729-730 (3d Cir. 1989).

In this case, Plaintiff does not make a single factual allegation related to any policy, practice or custom of Defendant School District. Plaintiff alleges that the SRC which had final policymaking authority for Defendant made the discriminatory decision to terminate Plaintiff's employment and that it constituted the policy and practice of Defendant as a matter of law. *Complaint* ¶ 3. Plaintiff also alleges that Defendants treated Plaintiff disparately compared to other individuals of different ancestry and ethnic characteristics, who were given less discipline, such as a suspension, or afforded progressive discipline before termination for conduct more egregious than Plaintiff's. *Id.* at ¶ 22. However, Plaintiff alleges no facts to show that the Defendant's alleged unconstitutional practices are "so widespread as to have the force of law." Plaintiff makes no factual allegations relating to any prior instances of Defendant terminating other Middle Eastern employees or employees with similar ancestry and ethnic characteristics as hers. Plaintiff makes no factual allegations regarding the ancestry or ethnicity of the "other individuals" who were treated better than her and afforded lesser discipline. Plaintiff makes no factual allegations relating to how the SRC – who she alleges made the discriminatory decision to terminate her knew or would have known of her ancestry or ethnic characteristics. Rather, Plaintiff makes only conclusory statements that Defendants decision to terminate her was racially motivated. These missing factual allegations are central to whether or not there

was a "custom or practice" of Defendant School District to terminate employees based on their ancestry or ethnic characteristics.

Plaintiff must identify facts which if proven give rise to a policy, practice, or custom which has a causal nexus with her injuries. Broad allegations without supporting fact-based assertions fail to state a claim for municipal liability. *See e.g. Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013) (granting motion to dismiss City of Philadelphia because complaint "is completely devoid of any factual allegations relating to the City or any policy, practice or custom that caused the alleged[] deprivation of his constitutional rights"); *Rodriguez v. City of Camden*, No. 12-2652, 2013 WL 530863, at *3 (D.N.J. Feb. 11, 2013) (dismissing municipal liability claim because complaint "contains no factual allegations whatsoever concerning the City of Camden"); *Breslin v. City & County of Phila.*, 92 F.R.D. 764, 765 (E.D. Pa. 1981) (granting motion to dismiss municipal liability claim when pro se complaint contained "no factual . . . allegations concerning the Police Department, the City, or the County."). Plaintiff's complete lack of factual allegations relating to her *Monell* claim is fatal and the claim should be dismissed.

### D. Zohni's Claim in Count III of the Complaint that Defendant Taylor violated 42 U.S.C. §1981 is barred by the applicable four-year statute of limitations.[3]

---

[3] Should Plaintiff also seek to assert a §1981 claim against Defendant the School District of Philadelphia through §1983, this claim is barred by the applicable statute of limitations for the same reasons it is barred against Defendant Taylor as discussed in this Section.

In Count III of the Complaint, Plaintiff asserts that Defendant Taylor violated 42 U.S.C. §1981 ("§1981"). *Complaint* ¶¶ 36-38. This claim is barred by the applicable four-year statute of limitations and should be dismissed.

42 U.S.C. §1981 states in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

While §1981 provides a broad right to employees, it does not provide a remedy against state actors. Plaintiffs seeking to enforce the protection from discrimination that the statute guaranteed must still pursue their claims through the vehicle of 42 U.S.C. §1983. *McGovern v. City of Philadelphia*, 554 F.3d 114, 120-121 (3d Cir. 2009).

As noted above Section 1983 does not include a statute of limitations. Where Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation where the claim arose. *Wallace*, 549 U.S. 384, 387 (2007). In Pennsylvania the statute of limitations for a §1983 claim is two years. *Kach*, 589 F.3d 626, 634 (3d Cir. 2009). In 1990, Congress enacted 28 U.S.C § 1658, which applied a "catchall" four-year statute of limitations period to any "civil action arising under an Act of Congress enacted after" December 1, 1990. In 1991, Congress amended §1981 to expand the definition of "make and enforce contracts" but still did not explicitly provide a statute of limitations for claims.

The Third Circuit has yet to definitively address whether §1981 employment

actions brought against state actors through §1983 are subject to a two or four year

statute of limitations. *Walker v. City of Coatesville*, No. CIV.A. 14-853, 2014 WL

6698304, at *1 (E.D. Pa. Nov. 26, 2014). However, district courts in this Circuit,

relying on the United States Court of Appeals for the Eleventh Circuit's holding

in *Baker v. Birmingham*, 531 F.3d 1336 (11th Cir. 2008), have rejected imposing

Pennsylvania's two-year statute of limitations governing personal injury actions

under 42 Pa. C.S. § 5524, applied to Section 1983 claims, to those claims brought

under Section 1981 through Section 1983. *See, e.g., Walker*, 2014 WL 6698304, at *4

(collecting cases); *Hills v. Borough of Colwyn*, 978 F.Supp.2d 469, 477 (E.D. Pa.

2013) (collecting cases). Instead, concluding the applicable statute of a limitations

requires the court to look to the nature of the underlying right asserted. Specifically,

Section 1981 claims predicated on conduct that occurred post-contract formation are

subject to 28 U.S.C. § 1658's catchall four-year statute of limitations. *Jones v. R.R.

Donnelley & Sons Co.*, 541 U.S. 369, 381 (2004). For the purposes of this motion,

Defendants will use the four year statute of limitations for Plaintiff's §1981 claim

against Defendant Taylor.

As previously noted above, federal law governs a cause of action's accrual

date. *Genty*, 937 F.2d 899 at 919. A cause of action accrues, and the statute of

limitations begins to run, "when the plaintiff knew or should have known of the

injury upon which its action is based." *Sameric Corp.*, 142 F.3d 582 at 599. "The

cause of action accrues even though the full extent of the injury is not then known

or predictable." *Wallace*, 549 U.S. 384 at 391. The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known. *Barren v. United States*, 839 F.2d 987, 990 (3d Cir. 1988).

In this case, the act which caused injury and damages to Plaintiff was the suspension without pay and recommendation for termination. Plaintiff alleges that on January 13, 2014, she was not permitted to work, was sent home by Defendant Taylor and notified that she was being suspended without pay and recommended for termination. *Complaint* ¶ 16. Plaintiff alleges that Taylor instigated, aided, abetted and recommended the termination of her employment. *Id.* ¶ 5. Plaintiff further alleges that Taylor's decision to terminate her was motivated by Plaintiff's ancestry and ethnic characteristics. *Id.* ¶ 24. It could be argued that Plaintiff knew of the injury as early as January 13, 2014. Moreover, all of the allegations regarding Defendant Taylor harassing and/or treating Plaintiff differently than other employees based on Plaintiff's ancestry and/or ethnic characteristics occurred prior to Taylor recommending Zohni for termination. *Complaint* ¶¶ 12, 16. All of the "discriminatory" conduct Plaintiff alleges against Defendant Taylor is outside the four year statute of limitations.

Using the "reasonable person" standard, Plaintiff should have known of the injury on June 2, 2014 when she was officially notified by the SRC – the School District's governing body that formal action was being taken against her employment. On June 2, 2014, Plaintiff was put on notice by the SRC that her pay

was cut off, she was not to return to work and she was recommended for termination. *Id.* ¶ 18. Plaintiff's injury and damages accrued the moment she was no longer working or being paid by the School District.

Moreover, Plaintiff's actions following receipt of the June 2, 2014 notice from the SRC regarding her employment provide further evidence that she knew of the injury and that she had a cause of action. In October of 2014, Plaintiff sought legal recourse for the alleged wrongs she suffered and filed a charge of discrimination with the EEOC and the PHRC against Defendants the School District and Principal Taylor. *Id.* ¶ 30.

For any claim, whether against Defendant the School District or Defendant Taylor, Plaintiff should not be entitled to the August 20, 2015 date – the date the SRC upheld her termination and the only date which would make her §1981 claim timely. The injury occurred and damages accrued on June 2, 2014 when both her pay and employment were suspended by the SRC. After June 2, 2014, Plaintiff was never paid again by the District, nor did she ever work for the Defendants again. Plaintiff's employment relationship with Defendants ceased on June 2, 2014. Plaintiff's cause of action was ripe on June 2, 2014 and as such the clock on her claims began to run.

It is clear from the facts that Plaintiff's §1981 claim is untimely. Determining when a claim accrues is an objective inquiry in which a court must ask whether a reasonable person would have known of the injury, not what the plaintiff actually knew. *Kach,* 589 F.3d at 634. A reasonable person would have known of the injury

on June 2, 2014 – the date their pay and their employment was cut off. The statute of limitations on Plaintiff's §1981 claim, therefore, ran on June 2, 2018. As Plaintiff filed this action on December 31, 2018, it is outside of the four-year statute of limitations and untimely. For this reason, the Court should dismiss Plaintiff's §1981 claim.

## IV.    Conclusion.

Defendants respectfully request that the Court grant this motion dismissing Plaintiff's Complaint in part and dismiss Counts I and III of the Complaint, with prejudice.

April 8, 2019

Respectfully submitted,

*/s/Kristen D. Junod*
Kristen D. Junod
Assistant General Counsel
Office of General Counsel
The School District of Philadelphia
440 N. Broad Street, Suite 313
Philadelphia, Pennsylvania 19130
T: 215.400.6255
F: 215.400.4121
kjunod@philasd.org
*Attorney for Defendants*

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INES S. ZOHNI,                                  :
           Plaintiff,                       :
                                  :
           v.                                :
                                  :   Civil Action No. 18-cv-5644
                                  :
SCHOOL DISTRICT OF                   :
PHILADELPHIA AND SHAUNEILLE   :
TAYLOR,                                          :
                                  :
           Defendants.                   :

### CERTIFICATE OF SERVICE

I hereby certify that the attached Defendants' Partial Motion to Dismiss has been filed electronically on April 8, 2019 and is available for viewing and downloading from the ECF System and that counsel has consented to electronic service:

Mark S. Scheffer, Esq.
Law Offices of Mark S. Scheffer
P.O. Box 111
Birchrunville, PA 19421
*Attorney for Plaintiff*

Respectfully Submitted:

*/s/Kristen D. Junod*
Kristen D. Junod
Assistant General Counsel
Office of General Counsel
The School District of Philadelphia
*Attorney for Defendants*

Dated:      April 8, 2019