IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INES S. ZOHNI,<br>            Plaintiff,<br><br>v.<br><br>THE SCHOOL DISTRICT OF<br>PHILADELPHIA, and<br>SHAUNEILLE TAYLOR,<br>            Defendants. | CIVIL ACTION<br><br><br><br>NO. 18-5644 |

DuBois, J.                                                                                                                       June 25, 2019

## <u>M E M O R A N D U M</u>

### I.    INTRODUCTION

In this employment discrimination case, plaintiff claims she was terminated from her position as a Special Education Teacher at Richard R. Wright Elementary School ("Wright Elementary") after an illness during a holiday vacation required her to extend her absence from work. Plaintiff filed a Complaint on December 31, 2018, asserting claims of disability, race, and ancestry discrimination. Presently before the Court is defendants' partial motion to dismiss. For the reasons that follow, defendants' Motion is denied without prejudice.

### II.    BACKGROUND

Plaintiff was hired by the School District of Philadelphia (the "District") in 2008 and worked as a Special Education Teacher at Wright Elementary until her suspension in on January 13, 2014. Compl. ¶¶ 9, 16. The District is governed by the School Reform Commission ("SRC") which has final policymaking authority for the District. *Id.* ¶ 3. Plaintiff was supervised by the principal of Wright Elementary, defendant Shauneille Taylor. *Id.* ¶ 5.

Plaintiff avers in her Complaint that the District and Taylor discriminated against her on the basis of both her race/ancestry and her disability. Plaintiff was born in Egypt and was the

only employee of Middle Eastern ancestry working at the school. *Id.* ¶ 10. During her employment at Wright Elementary plaintiff suffered from major depression, anxiety, and other ailments that affected her vision, concentration, eating, sleeping and ability to drive and walk. *Id.* ¶ 11. Plaintiff also suffered from fatigue, weight loss, sweating and extreme hot and cold sensitivity. *Id.* ¶ 11. Plaintiff has now been diagnosed with Hyperthyroidism. *Id.* ¶ 11.

In December of 2013, plaintiff traveled to Egypt for a vacation during a school holiday break. *Id.* ¶ 13. She became ill while she was in Egypt and was unable to return to work by the expected return date of January 2, 2014. *Id.* ¶ 14. She reported her illness through the "AESOP substitute services computer network," as required. However, due to a technical error, only two dates on which she was absent were recorded – January 2 and 10, 2014. *Id.* ¶ 14. Plaintiff was unable to report her absences by phone while in Egypt. *Id.* ¶ 14. She further claims that on January 8, 2014, plaintiff's father, Saleh Zohni, called Principal Taylor to report plaintiff's illness and inability to return to work until January 13, 2014. *Id.* ¶ 15.

When Plaintiff arrived at Wright Elementary on January 13, 2014, Taylor did not allow her to return to work. *Id.* ¶ 16. Instead Taylor suspended plaintiff without pay, requested a hearing for plaintiff's unauthorized absences, and recommended dismissal. *Id.* ¶ 16.

Informal hearings were held on March 25 and April 28, 2014. *Id.* ¶ 17. On June 2, 2014 the SRC prepared a statement of charges and notice of a right to hearing, and recommended dismissal of employment, stating "you are hereby suspended without pay pending a decision on the . . . recommendation of dismissal." *Id.* ¶ 18. On April 14, 2015, a formal hearing was conducted at which Taylor testified.[1] *Id.* ¶ 19. According to plaintiff, at that hearing, Taylor "deliberately misrepresented facts and circumstances related to the events surrounding Plaintiff's

---

[1] Although plaintiff's Complaint states the formal hearing was held on April 14, 2015, according to plaintiff's Response to Defendant's Partial Motion to Dismiss the Complaint the formal hearing took place on June 14, 2015. For purposes of the present analysis this inconsistency is of no consequence but the Court notes it for the record.

going on vacation to Egypt and her absences . . .with the intent on [sic] getting Plaintiff fired . . . [Taylor's] actions were motivated by Plaintiff's ancestry or ethnic characteristics and/or Plaintiff's illness and disability." *Id.* ¶ 24. On August 20, 2015, the SRC issued a decision on plaintiff's employment and took action "approv[ing] the [ ] District's recommendation of [plaintiff's] dismissal as Special Education Teacher effective January 13, 2014." *Id.* ¶ 20.

Plaintiff states that individuals of different ancestry and ethnic characteristics were given lesser discipline, such as suspension, or afforded progressive discipline before termination for conduct more egregious than plaintiff's, including violations of attendance and other school policies. *Id.* ¶ 22. She further claims that defendants failed to accommodate her disability by not authorizing her leave in January of 2014. *Id.* ¶ 23.

Plaintiff filed her Complaint on December 31, 2018. The Complaint includes the following claims: (1) violations of 42 U.S.C. § 1981 pursuant to 42 U.S.C. § 1983 against the District (Count I); (2) violations of the Pennsylvania Human Relations Act ("PHRA") against the District and Taylor (Count II); and (3) violations of 42 U.S.C. § 1981 against Taylor (Count III). Defendants filed a partial motion to dismiss on April 8, 2019, seeking dismissal of Counts I and III (Document No. 5). Plaintiff responded to the Motion on April 22, 2019 (Document No. 6).

During a telephone conference on June 20, 2019, in which counsel for both parties presented argument on the Motion, the Court denied the Motion without prejudice. That decision is amplified in this Memorandum.

### III. LEGAL STANDARD

"The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint." *Nelson v. Temple Univ.*, 920 F. Supp. 633, 634 n.2 (E.D. Pa. 1996). To survive a motion to dismiss, plaintiff must allege "sufficient factual matter, accepted as true, to state a

claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In assessing the plausibility of the plaintiff's claims, a district court first identifies those allegations that constitute nothing more than mere "legal conclusions" or "naked assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 564 (2007). Such allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff[']s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. Id. at 680. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

**IV.     DISCUSSION**

In the present motion, defendants seek dismissal of Counts I and III which allege violations of § 1981, through § 1983, against the District and Taylor. They argue that Counts I and III are barred by the applicable statute of limitations and that Count I, plaintiff's *Monell* claim, should be dismissed for failure to state a claim.

    A.  <u>Plaintiff's § 1983 Claim Against the District (Count I)</u>

        *1. Statute of Limitations*

Defendants argue that Count I of plaintiff's claim should be dismissed because the statute of limitations had run before plaintiff filed her Complaint on December 31, 2018. The Court concludes this issue cannot be resolved on a motion to dismiss.

Count I of plaintiff's Complaint asserts violations of 42 U.S.C. § 1981, through 42 U.S.C. § 1983, against the School District of Philadelphia.[2] This language is not used in the heading of Count I, which simply states "Count I (§1983)." However, the Complaint specifically states that plaintiff claims a violation of "§ 1981 actionable under 42 U.S.C. § 1983" against the District. Compl. ¶ 4. For those reasons the Court will interpret Count I as a claim asserting violations of § 1981, through § 1983.

"Section 1983 and 1981 claims are subject to state statute of limitations." *Ishmael v. Sch. Dist. of Philadelphia*, No. 15-3081, 2016 WL 5661711, at *3 (E.D. Pa. Sept. 30, 2016). "In Pennsylvania, the statute of limitations governing a Section 1983 claim is determined by the statute of limitations for a personal injury action—two years." *Id.* Claims under § 1981, however, "are governed by the federal 'catch all' statute of limitations of four years." *Id.* at *4 (citing 28 U.S.C. § 1658; *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)). In determining the applicable statute of limitations for § 1981 claims pursued through § 1983, courts in the Eastern District of Pennsylvania have applied the four-year statute of limitations "as long as those § 1981 claims were made possible by the post-1990 Amendments to § 1981." *Hills v. Borough of Colwyn*, 978 F.Supp.2d 469, 477 (E.D. Pa. 2013); *see also Walker,* 2014 WL 6698304, at *4. In this case, the parties do not dispute that plaintiff's § 1981 claims were made possible by the post–1990 Amendments. Def. Mot. 5, n.2, 13; Pl. Resp. 3. Thus, plaintiff had four years from the date of accrual to file her action.

A cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F. 3d 582, 599 (3d Cir. 1998). Courts look to what a reasonable person

---

[2] Defendants argue that Count I asserts a § 1983 claim for which the statute of limitations in Pennsylvania is two years. Def. Mot. 5. For the reasons stated above the Court considers Count I to state a claim for a violation of § 1981, through § 1983, which is subject to a four-year statute of limitations.

would have known of the injury, not what the plaintiff actually knew. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.*

In this case the parties dispute the appropriate accrual date. Defendants argue that plaintiff should have known of her injury on June 2, 2014, "when she was officially notified by the SRC . . . that formal action was being taken against her employment." Def. Mot. 6–7. At that point plaintiff was suspended, not receiving pay, and was informed by the SRC that she had been recommended for termination. *Id.* at 7. Plaintiff on the other hand argues that the statute of limitations began to run on August 20, 2015, plaintiff's formal termination date. Pl. Resp. 5. She argues that, according to the Pennsylvania School Code, a teacher cannot be terminated without a formal hearing and formal action of the SRC. *Id.* at 4. If the SRC had decided in plaintiff's favor after the formal hearing, she would have been entitled to full back pay and her suspension would have ended. *Id.* at 5. In essence, plaintiff claims that the relevant injury she suffered was termination and she was not formally terminated until August 20, 2015.

After discussion with counsel during the June 20, 2019 telephone conference, the Court concluded that the relevant accrual date – when plaintiff knew or should have known about her claim – is a question of fact that cannot be resolved on the current state of the record. As a result, that part of defendants' partial motion to dismiss seeking dismissal of Count I as untimely is denied without prejudice to defendants' right to raise this argument again after discovery is completed, by motion for summary judgment or at trial.

*2. Failure to State a Claim*

Defendant further argues that, even if plaintiff's § 1983 claim was not barred by the applicable statute of limitations, plaintiff fails to allege an unconstitutional policy, practice or custom by the School District sufficient to trigger *Monell* liability. On the present state of the record, the Court disagrees.

In *Natale v. Camden County Correctional Facility*, the Third Circuit explained that "acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983" where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." 318 F.3d 575, 584 (3d Cir. 2003).

Because plaintiff alleges that the SRC was both the final decisionmaker in terminating plaintiff, and the policymaker for the District, such an act can be considered the result of a policy or custom exposing the district to § 1983 liability. Pl. Resp. 1; Complaint ¶3. As a result, the *Monell* claim in Count I is sufficiently plead to survive a motion to dismiss.

For the reasons stated above that part of defendants' partial motion to dismiss seeking dismissal of Count I for failure to state a claim is denied without prejudice to defendants' right to raise this argument again after discovery is completed, by motion for summary judgment or at trial.

B. <u>Plaintiff's § 1981 Claim Against Taylor (Count III)</u>

*1. Statute of Limitations*

Count III of the Complaint asserts violations of § 1981 against Taylor. Defendants address this count as a § 1981 claim filed pursuant to § 1983. Def. Mot. 12. They assert that because Taylor is a state actor, plaintiff's § 1981 claim can only be pursued through the vehicle

7

of § 1983. Def. Mot. 12. *See Walker*, 2014 WL 6698304, at *2 ("there is still no private right of action against state actors in Section 1981"). Plaintiff does not address this issue in either the Complaint or the Response to defendants' Motion. In any event, the same four-year statute of limitations discussed *supra* in Section IV(A)(1) applies to § 1981 regardless of whether plaintiff intended to pursue violations of § 1981 directly or through the vehicle of § 1983. Thus, as discussed above, the relevant inquiry is the date of accrual of the cause of action.

Defendants argue that all of Taylor's alleged discriminatory conduct occurred more than four years before plaintiff filed her Complaint on December 31, 2018. Def. Mot. 14. However, plaintiff's Complaint alleges that Taylor testified falsely at the formal hearing held on April 14, 2015, "with the intent on[sic] getting Plaintiff fired." Compl. ¶ 24. She further claims that Taylor's actions were "motivated by Plaintiff's ancestry or ethnic characteristics and/or Plaintiff's illness and disability." *Id.* Given these allegations, and after discussion with counsel during the June 20, 2019 telephone conference, the Court concludes that the appropriate accrual date of this cause of action is a question of fact that cannot be determined on the present state of the record.

Thus, that part of defendant's motion seeking dismissal of Count III as untimely is denied without prejudice to defendants' right to raise this argument again after discovery is completed, by motion for summary judgment or at trial.

## V. CONCLUSION

The Court denies defendants' partial motion to dismiss the Complaint without prejudice to defendants' right to raise these arguments again after discovery is completed, by motion for summary judgment or at trial. An appropriate Order follows.

8