IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INES S. ZOHNI,<br>          Plaintiff,<br><br>v.<br><br>THE SCHOOL DISTRICT OF<br>PHILADELPHIA, and<br>SHAUNEILLE TAYLOR,<br>          Defendants. | CIVIL ACTION<br><br><br><br>NO. 18-5644 |

DuBois, J.                                                                                 November 13, 2020

## **M E M O R A N D U M**

### I.     INTRODUCTION

In this employment discrimination case, the plaintiff, Ines S. Zohni, claims that her former employer, the School District of Philadelphia, and her former supervisor, Shauneille Taylor (collectively, "defendants"), discriminated against her based on her race, national origin, and disability, and retaliated against her for requesting and receiving an accommodation for her disability. Presently before the Court is defendants' Motion for Summary Judgment. For the reasons set forth below, the motion is granted.

### II.     BACKGROUND[1]

Zohni was hired by the School District in 2008 and worked as a Special Education teacher at Richard R. Wright Elementary School ("Wright"). Defs.' Statement of Material Facts ("Defs.' SMF") ¶ 1. Zohni's supervisor, Shauneille Taylor, became the principal of Wright on July 1, 2012. *Id.* ¶ 3. Zohni's employment was terminated in 2014 on Taylor's recommendation for unauthorized absences following Wright's 2013/2014 winter break. *Id.* ¶ 49.

---

[1]     The facts are presented in the light most favorable to plaintiff. Disputed facts are noted as such. Where appropriate, defendants' statement of material facts is cited in lieu of a direct citation to the record.

### A. Zohni's History of Unauthorized Absences Preceding or Following School Holidays

On a number of occasions before the 2013/2014 school year, Zohni was absent from Wright on days that immediately preceded or followed school holidays:

- In the 2008/2009 school year, winter break began on December 24, 2008. Zohni was absent on December 18, 19, 22, and 23;

- In the 2009/2010 school year, winter break began on December 24, 2009. Zohni was absent on December 14, 15, 16, 17, 18, 22, and 23; and

- In the 2010/2011 school year, winter break ended on December 31, 2010. Zohni was absent on Monday, January 3, 2011.

Defs.' SMF Ex. B at 3.

The School District's attendance policy provided that (1) employees must request and secure prior approval for absences and leaves "from their supervisor and/or Human Resources"; (2) "absence cards" must be completed for absences exceeding three days; and (3) "[r]equests for personal leave that would have the effect of extending school holidays . . . will not be approved except in the most unusual circumstances." Defs.' SMF Ex. F at 11 n.13; Defs.' SMF ¶¶ 14, 15. Zohni failed to complete absence cards for "any of the extensions of the Winter Break in 2008, 2009, [or] 2011 . . . in violation of School District [] Policy." Defs.' SMF ¶ 65. There is no evidence that Zohni ever requested prior approval for her absences.

### B. Zohni's Absence in 2014 Following School Holiday

During the 2013/2014 school year, Zohni was, again, absent on days immediately following a school holiday. Wright was closed for winter break from December 23, 2013 through January 1, 2014. *Id.* ¶ 7. On December 23, 2013, Zohni departed for Egypt and returned to the United States on January 10, 2014. *Id*. ¶¶ 8–10.

2

Zohni was absent from Wright on January 2, 6, 7, 8, 9, and 10, 2014.[2] *Id*. ¶¶ 21–41. She did not return to work until January 13, 2014. *Id*. ¶ 47. As discussed *supra*, she was required to complete an absence card permitting her to be absent for more than three days. Zohni completed no absence cards for her 2014 absences. Defs.' SMF Ex. F at 11. Moreover, defendants never approved Zohni's 2014 absences. Zohni Dep. 70:14–71:13.

### C. School District's Action Following Zohni's 2014 Absence

Following her unauthorized absence in 2014, defendants took disciplinary action against Zohni. On January 10, 2014, Taylor wrote a letter to Ted Bywalski, an Employee Hearings Officer for the School District, to request a hearing before him concerning "unauthorized absences for Ms. Ines Zohni." Defs.' SMF Ex. I. In her letter, Taylor concluded that "[d]ue to her continuous absences without authorization, I am recommending dismissal." *Id*. On January 13, 2014—the date Zohni returned to work—Taylor sent a memorandum to Zohni, which stated: "[y]ou are directed to leave the building and you cannot return until you receive direction from Ted Bywalski." Defs.' SMF Ex. J. Zohni's last day of work at Wright was January 13, 2014. Defs.' SMF ¶ 49.

Richard Cecchine, Acting Hearing Officer, conducted hearings on March 25 and April 28, 2014 to evaluate the allegations against Zohni.[3] *Id*. ¶¶ 59–61. During the hearing in March, Zohni "made unequivocal statements that [her] original flight itinerary was scheduled to have [her] return to the USA on January 2, 2014, but that [she] became ill while in Egypt and had to reschedule [her] flight back [to] January 10, 2014." Defs.' SMF Ex. B at 2. In the April hearing, Zohni was "presented a copy of her flight arrangements . . . which clearly established . . . [her]

---

2   Wright was closed on January 3, 2014 due to a snow day. Defs.' SMF ¶ 23.

3   Cecchine conducted the hearings instead of Ted Bywalski because Bywalski retired on March 4, 2014. Defs.' SMF Ex. B at 2.

original flight back to the USA was scheduled for January 10, 2014." *Id.* at 3. Following the hearings, Cecchine approved Taylor's recommendation to terminate Zohni. Defs.' SMF ¶ 68.

On June 2, 2014, the School District informed Zohni of the result of these hearings by letter which stated that "the School District recommends that you be dismissed from employment . . . Effective immediately, you are hereby suspended without pay." Defs.' SMF Ex. B at 4. The letter advised that she could request a hearing before the School Reform Commission ("SRC") to contest the recommendation for dismissal. *Id*. On June 10, 2014, Zohni requested a hearing before the SRC. Defs.' SMF ¶ 74.

### D. Proceedings Before School Reform Commission, Unemployment Compensation Board, and Equal Employment Opportunity Commission

After receiving the School District's June 2, 2014 letter, Zohni began to address her unemployment. On June 15, 2014, Zohni applied to the Unemployment Compensation Board of Review ("UCBR") for unemployment compensation benefits. *Id.* ¶ 89. Before receiving a decision regarding those benefits, on October 24, 2014, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defs.' SMF Ex. Q. The charge states that: (1) defendants discriminated against her on the basis of her race, national origin, and disability; (2) defendants retaliated against her "for seeking accommodation for her disability"; and (3) "the School Board inform[ed] [her] on June 2, 2014 that she was terminated." *Id*. On December 16, 2014, the UCBR denied Zohni's application for unemployment compensation benefits, finding, *inter alia*, "[t]he claimant's actions constitute abuse of sick leave." Defs.' SMF Ex. R at 3. Zohni appealed the ruling of the UCBR to the Commonwealth Court of Pennsylvania. That court affirmed the UCBR decision. *Zohni v. Unemployment Comp. Bd. of Review*, No. 268 C.D. 2015, 2015 WL 6828930, at *3 (Nov. 3, 2015).

On April 14, 2015, Andrea Wapner, a School Reform Commission ("SRC") Hearing Officer, held a hearing on the charges against Zohni. Defs.' SMF ¶ 76. After the hearing, Wapner issued Findings of Fact and Conclusions of Law in which she recommended termination. *Id.* ¶ 79. On August 20, 2015, "the SRC adopted [Wapner's] Findings of Fact and Conclusions of Law and approved the School District's recommendation to terminate Zohni." *Id.* ¶ 80.

### E.  Zohni's Allegations Against Defendants

On December 31, 2018, Zohni filed the Complaint in this action in which she claims defendants discriminated against her based on her race, national origin, and disability, and retaliated against her for "requesting, and receiving, reasonable accommodation for absences caused by her illness or disability." Compl ¶ 33. In support of her claim of race and national origin discrimination, Zohni alleges that she was born in Egypt and describes her race as follows: "my race is Middle Eastern, otherwise Arab . . . my race white and I'm Arab or Middle Eastern." Zohni Dep. 8:10–9:2. In support of her claim of disability discrimination, Zohni alleges that "she suffered from major depression, anxiety, and other ailments." Compl. ¶ 11.

### F.  The Present Motion

On February 7, 2020, defendants filed a Motion for Summary Judgment. Zohni did not file a timely response to this motion. By Order dated March 30, 2020, the Court directed Zohni to file a response to defendants' Motion for Summary Judgment on or before April 10, 2020 and stated "[i]n the event plaintiff fails to comply with this Order, the Court will decide the Motion for Summary Judgment on the then-present state of the record without further notice to plaintiff or her attorney." Document No. 18. In violation of the Order dated March 30, 2020, Zohni failed to respond to the Motion for Summary Judgment.

### III. LEGAL STANDARD

The Court will grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Court's role at the summary judgment stage "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether . . . there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. However, the existence of a mere "scintilla" of evidence in support of the nonmoving party is insufficient. *Id.* at 252. In making this determination, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). The party opposing summary judgment must, however, identify evidence that supports each element on which it has the burden of proof. *Celotex Corp.*, 477 U.S. at 322.

### IV. DISCUSSION

Zohni asserts the following claims: (1) a violation of the Pennsylvania Human Relations Act ("PHRA") by both defendants; (2) a violation of 42 U.S.C. § 1983 by the School District; and (3) a violation of 42 U.S.C. § 1981 by Taylor. The Court examines each claim in turn.

### A. Zohni Has Not Established a Claim Under the PHRA for Race or National Origin Discrimination

Under her PHRA claim, Zohni alleges she was discriminated against based on her race and national origin. Defendants respond that the record does not support Zohni's claim. The Court agrees with defendants.

For claims of employment discrimination on the basis of race or national origin under the PHRA, the familiar framework for evaluating Title VII of the Civil Rights Act in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) applies. The Supreme Court further explained the framework in *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981):

> First, the plaintiff has the burden of proving by the preponderance of the evidence a *prima facie* case of discrimination. Second, if the plaintiff succeeds in proving the *prima facie* case, the burden shifts to the defendant 'to articulate some legitimate, non discriminatory reason for the employee's rejection.' . . . Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Id.* at 252 (quoting *McDonnell Douglas*, 411 U.S. at 802).

#### i. Zohni's Prima Facie Case of Discrimination

The plaintiff's *prima face* case requires evidence that: (1) plaintiff is a member of a protected class; (2) plaintiff was qualified for her position; (3) plaintiff suffered an adverse employment action; and (4) the circumstances of her discharge permit an inference of unlawful discrimination. *Waldron v. SL Indus., Inc.*, 56 F.3d 491, 494 (3d Cir. 1995).

For purposes of this motion, it is undisputed that Zohni has satisfied the first three elements of a *prima facie* case. Defs.' Mot. at 5. Defendants argue Zohni has failed to establish the fourth element of a *prima facie* case on the ground that the circumstances of her discharge do not permit an inference of unlawful discrimination.

The Court need not decide whether Zohni has established the fourth element of a *prima facie* case. Assuming *arguendo* that Zohni can establish the fourth element and made out a *prima facie* case, her claim fails under the third step of the *McDonnell Douglas* burden shifting framework. In short, Zohni has presented no evidence which would permit a reasonable jury to conclude that defendants' proffered reason for terminating her was pretextual.

> ii. *Defendants' Legitimate, Non-Discriminatory Reason for Termination*

In the second step of the *McDonnell Douglas* framework, the defendant has the burden of producing a legitimate, non-discriminatory reason for its decision to terminate plaintiff. *McDonnell Douglas*, 411 U.S. at 802. The Court concludes that defendants have articulated such a reason in this case. Specifically, defendants state their decision to terminate Zohni was based on her "violation of the School District's absence reporting and sick leave policies." Defs.' Mot. at 10. At this point, the burden shifts back to Zohni to establish that the legitimate reason proffered by defendants was pretextual. *McDonnell Douglas*, 411 U.S. at 804.

> iii. *Zohni's Evidence That Defendants' Proffered Reason Was Pretextual*

In the third step of the *McDonnell Douglas* framework, the burden shifts back to the plaintiff to establish that "the purported reasons for defendant's adverse employment actions were in actuality a pretext" for discrimination. *Jones v. School Dist. of Phila.*, 198 F.3d 403, 413 (3d Cir. 1999). Zohni has failed to carry this burden.

First, defendants' proffered reason for terminating Zohni is well-supported by the record, including her flight itinerary (which confirm that she booked a trip extending through January 10, 2014), and contemporaneous correspondence between the parties (which confirm that defendants stated their proffered reason for termination in the days immediately following Zohni's return from Egypt). Defs.' Exs. E, H–J.

Second, the UCBR and the Commonwealth Court concluded that Zohni's conduct violated School District policy. The UCBR stated in its opinion that Zohni's actions "rise to the level of willful misconduct." *Zohni*, 2015 WL 6828930, at *2. Likewise, the Commonwealth Court stated in its opinion that "[t]he findings of fact challenged by Claimant are supported by substantial evidence. Employer established that it had a rule, that Claimant was aware of that rule, and that Claimant violated that rule." *Id*. at *3.

Third, the fact that the School District took no disciplinary action against Zohni in response to her unauthorized absences in 2008–2011 supports the School District's argument that its decision to terminate her for unauthorized absences in 2014 was not pretextual—had the School District harbored discriminatory animus toward Zohni, it could have terminated her in 2011 after her unauthorized absences extended her winter break for the third year in a row. *Ade v. KidsPeace Corp.*, 698 F. Supp. 2d 501, 519 (E.D. Pa. 2010) (DuBois, J.) ("That [defendant] took no disciplinary action against plaintiff in response to one complaint, and issued a final warning rather than firing him in response to another, contradicts any claim that . . . the disciplinary process was only a pretext for discriminatory discharge.").

### B. Zohni Has Not Established a Claim Under the PHRA for Discrimination Based on a Disability

Also under her PHRA claim, Zohni alleges she was discriminated against based on her disability—"major depression, anxiety, and other ailments." Compl. ¶ 11. Defendants argue that Zohni's claim of disability-based discrimination must fail because "[t]he record simply does not contain the type of evidence Zohni requires." Defs.' Mot. at 18. The Court agrees with defendants on this issue and concludes that Zohni has not raised a genuine dispute of material fact as to whether she suffered disability-based discrimination.

9

Claims of disability discrimination under the PHRA are analyzed under the same *McDonnell Douglas* framework discussed in § IV.A. of this Memorandum, *supra*. *Hatch v. Franklin Cty.*, 755 F. App'x 194, 198 (3d Cir. 2018). Therefore, to establish a *prima facie* case of disability discrimination, the plaintiff must establish, *inter alia*, that "she suffered an adverse employment action because of her disability." *Id*.

Zohni fails to carry this burden. The record does not contain any evidence of a causal nexus between her disability and defendants' actions against her. As an initial matter, there is no evidence that Zohni told defendants of her disability or that defendants were aware of her disability through other sources. *Hodson v. Alpine Manor, Inc.*, 512 F. Supp. 2d 373, 392 (W.D. Pa. 2007) (granting summary judgment because "if [defendant] did not know she had an alleged 'disability,' then it could not have fired her due to her disability"). Furthermore, Zohni does not point to any non-disabled comparators to support her claim of disability-based discrimination.[4]

### C.  Zohni Has Not Established a Claim Under the PHRA for Retaliation

Zohni also claims that defendants violated the PHRA by retaliating against her for requesting and receiving reasonable accommodation for her absences.

"In order to establish a prima facie case of illegal retaliation under the PHRA, a plaintiff must show the existence of: (1) a protected employee activity; (2) an adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Pawlak v. Seven Seventeen HB Phila. Corp.*, No. 99-5390, 2005 WL 696878, at *8 (E.D. Pa. Mar. 24, 2005). An employee "engages in protected activity if he or she opposes any practice

---

[4]  Zohni also alleges that "[d]efendants failed to accommodate [her] disability by not authorizing her leave in January of 2014." Compl. ¶ 23. However, because there is no evidence that defendants knew about Zohni's disability, Zohni cannot prevail under a "failure to accommodate" theory. *McCall v. City of Phila.*, No. 11-5689, 2013 WL 5823873, at *23 (E.D. Pa. Oct. 29, 2013).

forbidden by the PHRA," e.g., "making complaints to management"; "writing critical letters to customers"; "protesting against discrimination by industry or society in general"; or "expressing support of co-workers who have filed formal charges." *Id.*

In this case, as defendants correctly point out, "Zohni has offered no evidence that she engaged in protected activity." Defs.' Mot. at 15. Although Zohni alleges in her Complaint that "Defendants retaliated against her for previously requesting, and receiving, reasonable accommodation for absences caused by her illness or disability," *see* Compl. ¶ 33, she cannot rely on her Complaint for support, and there is no evidence on this issue. Fed. R. Civ. P. 56(c)(1). Accordingly, the Court concludes there is no genuine dispute of material fact as to whether Zohni engaged in protected activity. For that reason, her PHRA retaliation claim fails.

### D.  Zohni's § 1983 Claim is Time-Barred

Zohni claims that, as a result of the alleged discrimination and retaliation discussed *supra*, the School District violated 42 U.S.C. § 1983. Defendants respond that this claim is barred by the applicable statute of limitations. The Court agrees with defendants.

As the Court previously held at the motion to dismiss stage, Zohni's § 1983 claim is subject to a four-year statute of limitations. Document No. 9 at 5. A cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Phila.*, 142 F. 3d 582, 599 (3d Cir. 1998).

Zohni's § 1983 claim accrued on June 2, 2014. By that time, Zohni was aware that: (1) Taylor recommended her termination and suspended her without pay; (2) the School District held multiple hearings and approved Taylor's recommendation; and (3) according to Zohni's own EEOC charge, "the School Board inform[ed] [her] on June 2, 2014 that she was terminated." Defs.' SMF Ex. Q. Critically, Zohni's EEOC charge stated that "June 2, 2014"

was the latest date on which the alleged discrimination took place, and she did not check the box for "continuing action." *Id*. The undisputed evidence establishes that Zohni knew of the injury upon which her § 1983 claim was based no later than June 2, 2014. Thus, the statute of limitations expired on June 2, 2018. Because Zohni did not file her Complaint until December 31, 2018, her § 1983 claim is time-barred.

### E. Zohni's § 1981 Claim is Time-Barred

Zohni claims that, as a result of the alleged discrimination and retaliation discussed *supra*, Taylor violated 42 U.S.C. § 1981. Defendants respond that this claim is also barred by the statute of limitations. The Court agrees with defendants.

Section 1981 claims are also governed by a four-year statute of limitations. Document No. 9 at 8 ("the same four-year statute of limitations . . . applies to § 1981"); *Ishmael v. Sch. Dist. of Phila.*, No. 15-3081, 2016 WL 5661711, at *3 (E.D. Pa. Sept. 30, 2016) ("claims under Section 1981 (as amended) are governed by the . . . statute of limitations of four years").

As discussed *supra*, Zohni knew of the injury upon which her § 1981 claim was based no later than June 2, 2014. Therefore, because Zohni did not file her Complaint until December 31, 2018, more than six months after the statute of limitations expired, her § 1981 claim is time-barred.

### V. CONCLUSION

For the foregoing reasons, defendants' Motion for Summary Judgment is granted. Judgment is entered in favor of defendants, the School District of Philadelphia and Shauneille Taylor, and against plaintiff, Ines S. Zohni. An appropriate order follows.